Henry C. Mallory v. James M. Berry.

1. Exemption Law; *When Unbroken Steer is Exempt.* Under the 5th clause of § 3 of the exemption statute of this state, which exempts "one yoke of oxen, and one horse or mule," one who is engaged in farming, and who is the head of a family, and who owns but one horse, may claim as exempt a steer which is only twenty months old, and which has never been worked or broke to work, when it appears that he contracted for two steers (this one and another) with the intention of breaking and working them together, and that he did, within a few days after the seizure and replevy thereof, actually yoke and work them together, and continued to so use them, although it also appears that he had at the time of the seizure paid for and received possession of only this one.

2. ——— *Act to be Liberally Construed.* Under the liberal construction to be given to exemption statutes, it would seem that by this statute a steer old enough to be used as a work animal, and held with the intention of so using him, would be exempt from seizure upon execution, although he had at the time never actually been worked, or even broke to work.

*Error from Osage District Court.*

Replevin for "one steer, two years old next spring," brought by *Mallory* as plaintiff, before a justice of the peace. The justice gave judgment in favor of the defendant. *Mallory*

took the case to the district court by appeal, and a trial was there had at the March Term 1872. The steer in controversy had been seized and taken by the sheriff at the suit of *Berry* against *Mallory*. *Mallory* claimed the steer as exempt. Verdict and judgment in favor of *Berry*, and *Mallory* brings the case here on error.

*Erwin & Thomson*, for plaintiff.

The opinion of the court was delivered by

BREWER, J.: The only question in this case is, whether a steer belonging to the plaintiff was exempt from seizure upon execution. The plaintiff, who was the head of a family, and engaged in farming, owned but one horse and this steer. It was about twenty months old, and had never been worked. He had contracted for a pair of steers, and intended to work them together. This one he had paid for and taken home; the other he had not. When the animal was taken on execution he replevied it, and having obtained possession of his mate, commenced working them together. The first time they were so yoked and worked was on the day of the trial before the justice, some few days after the seizure. Was it exempt? The district court evidently thought it was not, and charged the jury, that if it was used in good faith as a work animal, it was exempt, but if it was not, and had not been so used, it was not exempt. Was this ruling correct? The statute reads, "Two cows, ten hogs, one yoke of oxen, and one horse or mule, or, in lieu of one yoke of oxen and one horse or mule, a span of horses or mules; twenty sheep," etc. Gen. Stat., p. 474, § 3, fifth clause. It is well settled that exemption laws are to be liberally construed, though not of course that they should be so construed as to exempt articles obviously outside of the legislative purpose. Now the fact that this animal was not actually used, and had never been used as a work animal, does not seem to us properly decisive of the question of exemption. The expression, "yoke of oxen," as used in an exemption statute, does not necessarily

imply cattle already broke to work.  If they are cattle intended
by the owner for use as work cattle, and old enough to be so
used, it seems to us that they are fairly within the purview
of the statute.  A "horse" is exempt; but at what particular
age an animal ceases to be a colt and becomes a horse, is not
specified in the statute.  Is he considered to be a colt, what-
ever his age, until broke to saddle, or harness?  Or. does he
become a horse, as soon as broke, no matter how young?
One fair test, it would seem, is, that he is old enough to be
worked, and bought or raised by the owner therefor.  We
find several decisions in other states which throw light on this
case.  In *Carruth v. Grassie*, 11 Gray, 211, under a statute
exempting a cow, a heifer only twenty months old, and not
giving milk for more than a year thereafter, was held to be
exempt, it appearing that the owner was raising it for his
family cow.  Under a like statute in *Dow v. Smith*, 7 Vt. 465,
a heifer, forward with calf, was declared exempt; and later,
by the same court, in *Freeman v. Carpenter*, 10 Vt. 433, a
heifer not with calf was also adjudged exempt.  In *Mundell
v. Hammond*, 40 Vt. 641, two calves less than a year old
were held to be exempt under a statute exempting a yoke of
oxen or steers.  See also construing exemption statutes, *Hart-
house v. Rikers*, 1 Duer, 606; *Wolfenbarger v. Standifer*,
3 Sneed, 659.  Under the ruling of the district court, a poor
man, unable to purchase a yoke of oxen already broken and
trained to work, who should purchase a couple of young,
unbroken cattle, although old enough to be worked, intending
to break them himself and thus save that expense, could not
hold them exempt, while his more prosperous neighbor who
can afford to pay the added cost of breaking buys a yoke of
cattle already broken, and holds them against his creditors.
This does not seem like carrying out the spirit of the exemp-
tion law, which was intended for the benefit of the poor man,
and should be construed as to secure protection to those most
in need of it.

The judgment will be reversed, and the case remanded
with instructions to grant a new trial.

All the Justices concurring.