CHARLES T. VANDIVER, *et al.*, v. ARTHUR VANDIVER, *et al.*

HOMESTEAD — *When Partitioned to Widow and Children.* Where a husband and wife occupied certain real estate as a homestead at the time of the husband's death, and their children were all of age, and none of them occupied the residence of the intestate at his death, nor thereafter, but the widow continued to occupy it as her home after the decease of her husband, the premises are the absolute property of the widow and her children; and the children, being all of age, are entitled to have the premises partitioned, one-half in value to go to the widow, and the other one-half in value to go the children. If the homestead is not susceptible of division, the same may be sold, and the proceeds divided.

*Error from Coffey District Court.*

CHARLES T. VANDIVER, *John Vandiver*, and *Rachel I. Burr*, children and heirs-at-law of Noah Vandiver deceased, as plaintiffs, brought their action against *Rowena Vandiver*, widow of William Vandiver, a deceased son of said Noah, and *Arthur*, son of said William, and *Cornelia H.* and *Wm. B.*, children of Addison J. Vandiver, another deceased son of said Noah, as defendants, to compel partition of a quarter-section of land owned and occupied by said Noah as a homestead at the date of his decease. The district court, at August Term 1876, sustained a demurrer to plaintiffs' evidence, holding and deciding that the plaintiffs had no interest in the homestead, and were not entitled to have said homestead partitioned. Plaintiffs bring the case here.

*John Martin*, and *W. L. McConnell*, for plaintiffs.

*Ruggles, Scott & Lynn*, and *James Redmond*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced in the district court on the 10th of April 1876, by the plaintiffs in error against the defendants, for the purpose of obtaining a partition of the east half of the southeast quarter of section 31, *Statement of the case.* and the west half of the southwest quarter of section 32, all in township twenty-two south, of range sixteen east, containing 160 acres, situate in Coffey county. The facts of the case are substantially as follows: On the 7th of May 1874, and for a long time prior thereto, Noah Vandiver owned and occupied the land in controversy as a homestead. His children were all grown, and were living apart from their father and mother. Said Noah and his wife occupied the premises alone. On said 7th of May 1874, said Noah Vandiver died intestate, leaving the following-named persons as his heirs, and none others, namely, Hannah Vandiver, his widow, and four children, to-wit, Charles T. Vandiver, John Vandiver, Rachel I. Burr, and William Vandiver; also, two grandchildren, Cornelia H. Vandiver and W. B. Vandiver, children of his deceased son Addison J. Vandiver. On the 11th of May 1874, Hannah, the widow of Noah, sold and conveyed all her interest in this land to her son William; and on the 2d of November 1874, William died intestate, leaving as his sole heirs the defendants Rowena Vandiver, his widow, and Arthur Vandiver, a son. After the death of Noah, his widow continued to live upon the property until after she conveyed her interest therein to her son William; and some of her property still remained on the premises at the time of the commencement of this action.

The defendants were all duly served with summons by publication. The defendants Rowena and Arthur appeared and answered; and William B. appeared by guardian *ad litem*, and filed an answer. At the August term 1876, after the plaintiffs had offered their testimony, the defendants filed a demurrer thereto, which demurrer was argued by counsel, and sustained by the court, and judgment given for the de-

fendants. The plaintiffs excepted to the action of the court in sustaining the demurrer to their evidence, and in giving said judgment. On the same day plaintiffs made a motion for a new trial, which was overruled and excepted to, and thereupon the plaintiffs made a case for this court, and the action is now before us on error.

The question presented is, whether the children who have arrived at majority, have left the family of their father and mother, and reside elsewhere than on the homestead occupied by the intestate at his death, are embraced within the provisions of sections 1 to 6, inclusive, of chapter 33, General Statutes. The first impression of the writer of this opinion, on consideration of this case, and the sections of the act of descents and distributions above referred to, was, that the members of the family *actually* occupying the homestead as a residence, at the time of the death of the intestate, were the only parties entitled to any interest in the premises exempted from distribution under the laws of the state; but a more careful examination of the subject has led him to a contrary conclusion. The former construction would be attended with many difficulties, and be the certain cause of dissensions in families, where the intestate left children engaged in business on their own account, sometimes making the homestead their home, and other times living separate and apart from the family. Other serious objections present themselves with this interpretation. If we adopt the construction contended for by defendants in error, and say "children," as used, mean only minors, we interpolate the word *minor*, and thus judicially legislate upon the question, rather than expound the law. Section 2 provides for the occupation of the homestead, after the death of the intestate, by his widow and children. The ordinary definition of "children," in relation to the father, is his sons and daughters; and unless it is clear the word is used solely in reference to *minors*, we are bound to consider it as usually understood, when used in relation to parents. Here it is so used, and means, in this connection, sons and daughters, or either — not minors alone. Again, if

minor children only are intended, then daughters who compose the family at the death of the father, and are of age, and living at home, are at once dispossessed by the law of any right to such residence, as a home, or otherwise. If it is insisted that these provisions are for the special benefit of the widow, when old, poor, and decrepit, then this construction is not in harmony with sections 5 and 6, which authorize the homestead to be partitioned, and if not susceptible of division, to be sold, when all the children arrive at the age of majority. When her children reach majority, the mother and widow is more advanced in years than at any prior time. If the exemption is paramountly for her benefit, and to prevent her being left homeless in her old age, instead of providing for the division or sale of the homestead at this late time in her life, the law would have made provision for the premises to be then set apart to her during her natural life, or to revert to her in *fee simple*. Such is not the direction of any of these sections. Instead, a division may then be had at the instance of any child — the law assuming, that when all the children have arrived at age, the necessity for the preservation of the old homestead for the widow, or children, no longer exists. In pursuance of this idea, it seems to us that the main object for the adoption of these several sections in the act relating to descents and distributions, was to preserve intact to the widow and family the homestead occupied by them prior to the death of the father, free from the claims of creditors and distribution under the laws of the state. The exemption from distribution was to continue till the widow should marry again, or the children arrive at majority. When either occurs, the homestead is to be divided, or sold. If the intestate leaves no children, the widow is entitled to the homestead. If he leaves children, and no widow, the children are entitled to it. Thus the homestead is saved from immediate distribution, and the demands of creditors (if there be any,) for the family specially needing it on the death of the husband. If the widow remarries, or the children are of age at the death of the father,

or when they all become of age, the homestead, so occupied by the family after the death of the intestate, is distributable as the other real estate of the intestate, viz., one-half in value to the widow, and the other half to *all* the children. This construction secures to the widow and children of the intestate the present use and ultimate benefit of the homestead, and does no great injustice to any of them. If it be urged, that this construction favors the barren and unfruitful widow, in preference to the mother who has raised up children to man's estate, we answer, the other provisions of the act of descents and distributions does the same, if such a mode of distribution may be called favoritism, because it is thereby provided, if the intestate leaves no issue, the whole of the estate shall go to the wife. This matter of pretended invidious distinction, however, should be disregarded as an argument. Generally, the interests of the mother and her children are not greatly adverse. No good reason exists why the homestead of the intestate, "toward which the eye of the creditor need never be turned" in the lifetime of the debtor, shall, upon his death, be liable for the claims of creditors, when continued to be occupied by the widow or children of such debtor. Nor is there any very good reason why the homestead, when the widow re-marries, or all of the children become of age, shall not be distributed as the other real estate of the intestate. Whether the reason be good, or bad, it is the policy of the law thus to dispose of it. In exceptional cases, the rule here adopted may work injury; but the general purpose of these provisions regarding the exemption of the homestead, is better supported thereby, than if a different doctrine is approved.

We are not called upon now to determine the nature of the occupancy after the death of a debtor to exempt the homestead from the payment of his debts; but certainly the requirement of "occupancy" should be liberally construed, so as to favor the beneficial purposes of these sections of the law.

In this case, the homestead was subject to partition upon the evidence presented in the district court, and the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.