WILLIAM MARTINDALE v. WILLIAM M. SMITH.

1. ENTIRE HOMESTEAD, *Willed to Wife.*   Where a husband and wife occupy a piece of land as a homestead, the title being in the husband, the husband may execute a valid will giving the entire property to his wife.

2. WILL, *When Effective.*   And in such case, and as against an heir who does not occupy the property as a homestead, the will will take effect immediately after the death of the testator and the probate of the will, although the will may state that the testator devises the property to his wife after paying all his legal indebtedness.

*Error from Greenwood District Court.*

THE opinion states the nature of the action, and the facts. Trial by the court at the December Term, 1882, and judgment for defendant *Smith.*   The plaintiff *Martindale* brings the case here.

*Clogston & Fuller*, for plaintiff in error.

*Scott & Lynn*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in ejectment and for partition, brought November 3, 1881, by William Martindale against William M. Smith and Sarah Ann Smith. The plaintiff claimed to own the undivided half of the real estate for the recovery of which this action was brought, and admitted that the defendant owned the other undivided half. At the time of bringing the action, Sarah Ann Smith was dead, and the action was therefore proceeded with merely as an action between Martindale and William M. Smith. Smith answered, setting up: First a general denial; and second, that he (Smith) was the sole and exclusive owner of the property in controversy. A trial was had before the court without a jury, and the court made the following findings and conclusions, to wit:

"FINDINGS OF FACT.

"1. W. C. Waybright died on the 27th day of January, 1872, in the county of Greenwood and state of Kansas, and occupied at the time of his death the premises in question, situated in said county, to wit: the south half of the southeast quarter of section two, and the north half of the northeast quarter of section eleven, all in township twenty-seven, range eleven, together with his family, consisting of his wife, Sarah A. Waybright, and no other person, as a homestead.

"2. That said W. C. Waybright left surviving him as heirs-at-law, one child by a former marriage, George Waybright, who resided in the state of Indiana, and who was at the time of his father's death about nineteen years of age, and Sarah A. Waybright, the wife of the deceased.

"3. That said W. C. Waybright died *testate*, leaving a will, by the terms of which all of the estate of said W. C. Waybright was devised and bequeathed, both real and personal, to his wife, except five dollars was bequeathed to said son, George Waybright.

"4. That afterward, and on the 17th day of February, said last will of W. C. Waybright, deceased, was duly proved and

admitted to probate and record in the probate court of said Greenwood county, and is still in full force and effect; and said Sarah A. Waybright duly elected to take under the will.

"5. That said Sarah A. Waybright alone continued to occupy said real estate from the death of her husband, W. C. Waybright, until the 18th day of May, 1875, at which time she intermarried with defendant William M. Smith, and she and her husband, William M. Smith, continued to occupy the premises in question as their homestead until the spring of 1878, at which time she and her husband went to Colorado for a temporary purpose to benefit her health, she being afflicted with pulmonary consumption. There was one child born to said William M. Smith and Sarah A. Smith, which died in childhood, before its mother. The said William M. Smith and wife never returned from Colorado, she having died of consumption on the 20th day of June, 1881, in said state, leaving the said William M. Smith her only heir.

"6. Sometime in the latter part of the year 1875, said George Waybright conveyed all the interest and title he possessed in and to the lands in question to the plaintiff, for a good and valuable consideration."

"CONCLUSION OF LAW.

"That said plaintiff has no interest in said real estate or any part thereof, and is not entitled to recover in this suit."

Judgment was rendered in accordance with these findings and conclusions in favor of the defendant Smith, and against the plaintiff Martindale, who brings the case to this court, and asks for a reversal of such judgment.

We think the only question involved in this case is, whether the will made by Waybright to his wife is valid, or not. If it is valid, Smith is entitled to the entire property; but if it is void, Martindale is entitled to one-half thereof. The plaintiff claims that the will is void for the reason that a husband cannot devise his homestead, or any part thereof, by will to his wife. Under the law relating to descents and distributions a wife would unquestionably take one-half of the homestead, whether any will was made, or not; hence the real question involved in this case is, whether a husband can devise to his wife by will the other half-interest in his homestead. We think he can. At the death of the owner of real

estate the title must go somewhere, and we know of no law which prevents the owner from saying by will where it shall go. Indeed, the statutes recognize the right of the owner to designate where the title shall go, and even authorize the same. Section 1 of the act relating to wills reads as follows:

"SECTION 1. Any person of full age and sound mind and memory, having an interest in real or personal property of any description whatever, may give and devise the same to any person by last will and testament lawfully executed, subject, nevertheless, to the rights of creditors, and to the provisions of this act." (Comp. Laws of 1879, ch. 117, §1.)

We think the devise would also be subject to the homestead interests of any person who might have a homestead interest in the property; but with reference to who might have a homestead interest in the property, we do not think it is necessary in this case to express any opinion, further than to say that we do not think that George Waybright, the person under whom the plaintiff claims, ever had any homestead interest in the property. He did not reside upon the property, nor even in Kansas, but resided in the state of Indiana.

The question as to how homestead property shall descend, is discussed to some extent in the cases of *Vandiver v. Vandiver*, 20 Kas. 501, and *Dayton v. Donart*, 22 id. 256. The nature of a will is to some extent discussed in the case of *Comstock v. Adams*, 23 Kas. 514, 524. When death occurs, the title to the property of the person dying must be transferred to some person. It cannot remain in the deceased; and the will simply designates where the title shall go. The title may go to one or more of the persons occupying the property as a homestead, or it may go to some other person. In the present case, the will provided that the title should go to the only surviving person who occupied the property at the time as a homestead. The plaintiff says this is in contravention of the homestead-exemption laws, and says that the title should go to the son of the deceased, who did not occupy the property as a homestead, and who resided in another state. We are now speaking of the title to one undivided half only

18 — 31 KAS.

of the property; for it is conceded by all the parties that the title to the other undivided half went to the wife of the deceased. We think the will is valid.

The plaintiff also claims that the will can have no operation until the debts are all paid; and this he claims for the reason that the testator in devising the property stated in his will, among other things, as follows:

"I give and bequeath unto my beloved wife, Sarah Ann Waybright, all of the remainder of my estate, both real and personal, after paying all of my legal indebtedness."

The remainder of his estate included the property in controversy. We think differently from the plaintiff on this subject. As against George Waybright, the heir and his grantees, we think the will took effect immediately after the death of the testator and the probate of the will, and such death and will immediately transferred the title to the property to the testator's wife, subject possibly to the payment of the debts of the deceased, and subject possibly to his wife's homestead interests.

The judgment of the court below will be affirmed.

All the Justices concurring.