TIMOTHY MARTELL v. FRANK TRUMBLY *et al.*

No. 347.* (58 Pac. 120.)

HOMESTEAD—*Partition—Minor Children.* Where a widow, the head of a family, occupies certain real estate as a homestead and dies intestate, leaving heirs, some of whom are her minor children, and said minor children continue to reside upon and occupy said homestead as a residence, said residence is not exempt from partition for the reason that all of the children of said widow have not arrived at the age of majority.

Error from Cloud district court; F. W. STURGES, judge.    Opinion filed July 18, 1899.    Reversed.

*Pulsifer & Alexander*, for plaintiff in error.

*Theodore Laing*, for defendants in error.

The opinion of the court was delivered by

WELLS, J.: There is but one question in this case, and that is upon the construction of our statutes. A widow, the head of a family, dies intestate, leaving heirs, some of whom are her minor children, who continue to occupy the homestead after her death. Can partition of said homestead be made before such children become of age, over their objection? The only statutes cited as bearing upon this question are sections 2, 4, 5, 7 and 26 of chapter 109, General Statutes of 1897 (Gen. Stat. 1899, §§ 2442, 2444, 2445, 2467), which read as follows:

"SEC. 2. A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied by the intestate and his family at the time of his death as a residence, and continued to be so occupied by his widow and

---

* Reversed by supreme court April 7, 1900.  See 61 Kan. 703, 60 Pac. 741.—REP.

Martell v. Trumbly.

children after his death, together with all the improvements on the same, shall be wholly exempt from distribution under any of the laws of this state and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children; provided, however, that the provisions of this section shall not apply to any encumbrance given by the consent of both husband and wife, nor to obligations for the purchase of said premises, nor to liens for the erection of improvements thereon."

"SEC. 4. If the intestate left no children, the widow shall be entitled to said homestead, and if he left children and no widow, such children shall be entitled to the same.

"SEC. 5. If the intestate left a widow and children, and the widow again marry, or when all of said children arrive at the age of majority, said homestead shall be divided, one-half in value to the widow, and the other one-half to the children."

"SEC. 7. When a married woman shall die intestate, owning a homestead in her own right, the same shall descend in the manner herein provided in other cases."

"SEC. 26. All the provisions hereinbefore made in relation to the widow of a deceased husband shall be applicable to the husband of a deceased wife.   Each is entitled to the same rights or portion in the estate of the other, and like interests shall in the same manner descend to their respective heirs.   The estates of dower and by curtesy are abolished."

It is argued by the defendants in error that "section 4 evidently refers to the same kind of a homestead as that mentioned in section 2; that is, one which is wholly exempt from distribution under the laws of the state, and from the payment of the debts of the intestate.   In connection with sections 7 and 26, it provides that, if the intestate left children but no husband, 'such children shall be entitled to the same;' that is, to the homestead, wholly exempt from distri-

bution under the laws of this state, and from the payment of the debts of the intestate."

The first question is : What is meant by "wholly exempt from distribution under the laws of the state"? Evidently it does not mean that said homestead is never to be divided between those to whom it descends, as section 5 provides for a partition in certain contingencies.   Its meaning must be that said homestead is not to be distributed as a part of the general estate of the deceased.

Section 4 provides that if the intestate left no children the widow shall have the homestead, and if he left no widow the children shall have it.   Then section 5 provides substantially that if he left both widow. and minor children the homestead shall be retained by the family while such conditions continue as naturally hold a family together.   This has no bearing. on section 4, but provides for contingencies other than those therein provided for.

There being no statute declaring when a homestead that descends to children only may be partitioned, the logic is irresistible either that it can never be partitioned, or that it may be done at any time any of the owners desire.   That it can never be done is a proposition that is not contended for and does not merit any consideration.   In *Vandiver v. Vandiver*, 20 Kan. 501, the supreme court held :

"Where a husband and wife occupied certain real estate as a homestead at the time of the husband's death, and their children were all of age, and none of them occupied the residence of the intestate at his death, nor thereafter, but the widow continued to occupy it as her home after the decease of her husband, the premises are the absolute property of the widow and her children ; and the children, being all of age, are entitled to have the premises partitioned, one-half

in value to go to the widow, and the other half in value to go to the children.    If the homestead is not susceptible of division, the same may be sold and the proceeds divided.''

It seems to us that the reasoning of this opinion, as far as it goes, is in favor of the reversal of the case at bar.    If, when the husband dies and leaves no minor children, the homestead can be immediately partitioned at the instance of an adult child who has left home, and the home of the widow thus destroyed, no greater hardship would result from the partition of a home occupied exclusively by minors.    But this is not a question of a comparison of hardships, or even a question of policy, but it is rather one of construction of statutes ; and we know of no rule of construction that would warrant us in reading into this statute an immunity from partition not embodied therein by the legislature.

The judgment of the district court refusing to partition the homestead is reversed, and said court is directed to cause such partition to be made.