FRED TRUMBLY *et al.* v. TIMOTHY MARTELL *et al.*

No. 11,556.*   ( 60 Pac. 741.)

HOMESTEAD—*Partition*.   A widow, being the head of a family, died, leaving children, some of whom were minors who continued to occupy the homestead. *Held*, that partition of the homestead could not be made before the minor children became of age, against their objection.

---

* For opinion by court of appeals, see 9 Kan. App. —, 58 Pac. 120.—REP.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges.   Opinion filed April 7, 1900.   Reversed.

*Theo. Laing*, for plaintiffs in error.

*Pulsifer & Alexander*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : A widow, the head of a family, died, leaving children, some of whom were minors who continued to occupy the homestead.   Can partition of such homestead be made before the minor children become of age, against their objections?

Section 9, article 5, of the constitution, provides that a homestead occupied as a residence by the family of the owner shall be exempted from forced sale under any process of law.   Several sections of chapter 109, General Statutes of 1897 (Gen. Stat. 1899, §§ 2441–2472), relate to the question.   Section 2 provides that a homestead "shall be wholly exempt from distribution under any of the laws of this state and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children."   It is further provided :

"SEC. 4.   If the intestate left no children, the widow shall be entitled to said homestead ; and if he left children and no widow, such children shall be entitled to the same.

"SEC. 5.   If the intestate left a widow and children, and the widow again marry, or when all of said children arrive at the age of majority, said homestead shall be divided, one-half in value to the widow, and the other one-half to the children."

"SEC. 7.   When a married woman shall die intestate, owning a homestead in her own right, the same

shall descend in the manner herein provided in other cases.''

''SEC. 26. All the provisions hereinbefore made in relation to the widow of a deceased husband shall be applicable to the husband of a deceased wife. Each is entitled to the same rights or portion in the estate of the other, and like interests shall in the same manner descend to their respective heirs. . . .''

Construing sections 4 and 5 together in the light of the liberality with which our homestead law is to be considered, we feel compelled to conclude that a homestead inherited by orphan children, some of whom continue to occupy the same, is not subject to partition until all of the children arrive at the age of majority, and that section 4 evidently refers to the same kind of a homestead mentioned in section 2, *i. e.*, one which is ''wholly exempt from distribution under any of the laws of this state and from the payment of the debts of the intestate.'' Section 4 provides that if the intestate leave a widow she shall be entitled to the homestead, and if he leave children and no widow, such children shall be entitled to the same. And again, in section 5 reference is made to the time when the homestead may be divided which has been inherited by a widow and children. This can be done only when the widow marries or when all of the children arrive at the age of majority. If the mother remain a widow, there can be no partition until all of the children arrive at majority. She may then be allowed one-half in value of the property, the other half going to the children. In case the widow marry and a division of the homestead is had, the half set off to the children would still be their homestead. We cannot conclude that it is the policy of our law to break up the homestead when there are minor orphan children occupying the same. The law has ever been solicitous

45—61 KAN.

in protecting the rights of infants. In *Vandiver v. Vandiver*, 20 Kan. 504, it was said:

"It seems to us that the main object for the adoption of these several sections in the act relating to descents and distributions, was to preserve intact to the widow and family the homestead occupied by them prior to the death of the father, free from the claims of creditors and distribution under the laws of the state. The exemption from distribution was to continue till the widow should marry again, or the children arrive at majority. When either occurs, the homestead is to be divided, or sold. If the intestate leaves no children, the widow is entitled to the homestead. If he leaves children, and no widow, the children are entitled to it. Thus the homestead is saved from immediate distribution and the demands of creditors (if there be any) for the family specially needing it on the death of the husband."

In *Dayton v. Donart*, 22 Kan. 256, 270, the following language was used:

"This homestead right is probably just like any other homestead-exemption right, except that it is held by the occupants (prior to the widow's marriage, and prior to all the children's reaching their majority) free from division or partition, as well as free from debts; and when it is abandoned as a homestead (if not previously sold), it becomes liable for the intestate's debts, as well as for the occupants' own debts."

Again, in *Hafer v. Hafer*, 33 Kan. 449, 465, 6 Pac. 547, is the following:

"But, keeping in view the policy of the homestead laws and the motives of public concern which led to their enactment, we cannot agree to a construction of the homestead law that would permit a homestead, occupied by the widow and minor child, to be defeated and the family relation broken up by a wayward child appearing in court, and through, perhaps, a meddlesome friend asking for a partition of the property.

We conclude that so long as the homestead is occupied by the family of the deceased, and until the widow again marries, or the children arrive at the age of majority, no partition of the homestead can be made."

In *Brady v. Banta*, 46 Kan. 131, 136, 26 Pac. 443, it was said :

"If the widow should marry, and then abandon the homestead to live with her husband elsewhere, she would undoubtedly lose her homestead right therein ; and so she would if she should abandon the homestead without marrying ; but, in either event, her act would not deprive the children who stuck to the homestead of their deceased father after his death of their homestead rights therein."

In *Vandiver v. Vandiver*, supra (p. 505), the following language appears :

"No good reason exists why the homestead of the intestate, 'toward which the eye of the creditor need never be turned' in the lifetime of the debtor, shall, upon his death, be liable for the claims of creditors, when continued to be occupied by the widow or children of such debtor."

If a child takes with the homestead the right of exemption from the payment of debts of the intestate under the statute, then it follows that the other exemption given by the same section of the statute also inures to the minor child, viz., the exemption from distribution.   It is just such a homestead as under section 2 might have gone to the wife and children, or to the husband and children, that is, one capable of being continued by occupancy, and exempt from distribution as well as from payment of debts of the intestate.

Counsel for defendants in error assert that the legal proposition before us now was not involved in any of the cases from which we have quoted above.   It may

be conceded that the extracts selected are *dicta*, yet they portray the views of the writers having in hand the decision of questions very closely allied to that now presented. While the positive authority of a judicial decision is coextensive only with the facts upon which it is made, yet gratuitous opinions, going beyond the precise points involved or discussed by counsel, often convey the matured conclusions of the justice expressing them, though without the authoritative force of judicial views applied strictly to questions clearly involved in the case.

The judgment of the court of appeals will be reversed, and the judgment of the district court affirmed.