THE GERMAN INSURANCE COMPANY v. NICHOLS, SHEP-ARD & CO.

1. MORTGAGE — *Foreclosure — Homestead — Evidence.* In an action to foreclose a mortgage, the plaintiff, besides making the mortgagor a party, also makes third persons parties, and as to them alleges that they "claim to have some sort of an interest or lien on the premises described in this plaintiff's mortgage, but the nature of their liens is to this plaintiff unknown; but whatever it is, it is inferior and junior to the lien of this plaintiff;" and one of such third parties sets up in his answer a judgment in his favor and against the mortgagor, and alleges that it "is a first, best, prior and superior lien upon the premises described in the plaintiff's petition:" *Held,* Under such pleadings, that the plaintiff, for the purpose of showing that his lien is prior to the defendant's supposed judgment lien, may show that the property was the homestead of the mortgagor, and therefore not the subject of a judgment lien.

2. ―――― *Prior Lien; Competent Evidence.* Whenever a contest arises between two parties as to which has the prior or superior lien upon property owned and occupied by a third person, either party may show any fact that will defeat the other party's lien, or postpone the same so as to render it a subsequent or inferior lien, and this although the fact to be shown may be that the property is the homestead of the third party.

*Error from McPherson District Court.*

THE opinion states the case.

*Frank G. White,* for plaintiff in error.

*John D. Milliken,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of McPherson county by Nichols, Shepard & Co., a Michigan corporation, against Barnard P. Ratzliff and Mary Ratzliff his wife, on certain promissory notes and a real-estate mortgage executed by the defendants to secure such notes, to recover from them the sum of $966.85 and interest and costs, and to foreclose the mortgage. Several parties were made defendants in the action, among which was the German Insurance Company, an Illinois corporation. The plaintiff, besides setting forth in his petition all proper allegations with respect to the notes and mortgage, also set forth the following allegation, to wit:

"The defendants, the German Insurance Company,  .  .  . claim to have some sort of an interest or lien on the premises described in this plaintiff's mortgage, but the nature of their liens is to this plaintiff unknown; but whatever it is, it is inferior and junior to the lien of this plaintiff."

The Ratzliffs did not file any answer.   The German Insurance Company filed an answer setting forth a judgment in its favor against Ratzliff for the sum of $19.50 and interest and costs, amounting in the aggregate to about $40, and then alleged that such judgment "is a first, best, prior and superior lien upon the premises described in plaintiff's petition."   At the November term, 1886, the case was tried before the court

without a jury. The entire controversy in the case seems to have been between Nichols, Shepard & Co. on the one side, and the German Insurance Company on the other side, and the only question between them seems to have been: Which had the prior lien upon the mortgaged premises? The plaintiff, in order to show that its mortgage lien was prior to the defendant's judgment lien, introduced the testimony of Barnard P. Ratzliff, the admitted owner of the property, which testimony was to the effect that the property upon which the liens were claimed was the homestead of Ratzliff and wife and family, and therefore that in fact the German Insurance Company did not have any lien upon the property at all. To the introduction of this testimony the German Insurance Company objected and excepted, and this for two reasons: First, that the pleadings in the case do not authorize or warrant the introduction of any such evidence; second, that the question as to whether the property in controversy was the homestead of Ratzliff and his family or not was a personal privilege, which only Ratzliff or his wife, or some member of his family, could raise, and was not a question which the plaintiff in this action, Nichols, Shepard & Co., could raise. At the close of the trial the court rendered judgment in favor of the plaintiff and against Ratzliff for the sum of $1,079.49 and costs, and against all the parties for the foreclosure of the plaintiff's mortgage, and that such mortgage constituted a prior lien to the judgment of the German Insurance Company; and the German Insurance Company as plaintiff in error brings the case to this court for review, making the plaintiff below, and it only, the defendant in error in this court.

The only question attempted to be presented in this court is, whether the foregoing testimony of Ratzliff was competent or not, but it is at least doubtful whether even that question or any other question can properly be presented upon the record brought to this court. The question, however, is easily answered. First, we think the pleadings were ample to authorize the introduction of any proper evidence tending to show that the plaintiff's lien was prior to the defendant's

lien, and this evidence objected to tended to show that fact, and was competent. It tended to show that the property in controversy was the homestead of Ratzliff and his family, and therefore that the German Insurance Company never obtained or had any judgment lien upon the property. And second, the plaintiff below had the unquestionable right to show this fact for the purpose of showing that beyond all question its mortgage lien was prior and superior to the supposed judgment lien of the German Insurance Company. It had the right to show this fact, not for the benefit of Ratzliff, who owned the land and occupied the same as a homestead, but for the benefit of itself and for the protection of its own rights and interests. ( *Elwell v. Hitchcock,* just decided.) Indeed, it is our opinion that whenever a contest arises between two parties as to which has the prior or superior lien upon property owned and occupied by a third person, either party may show any fact that will defeat the other party's lien, or postpone the same so as to render it a subsequent or inferior lien, and this although the fact to be so shown may be that the property is the homestead of the third party.

The judgment of the court below will be affirmed.

All the Justices concurring.