P. W. BARBE v. W. S. HYATT, *as Executor of the Estate of A. B. Hyatt, deceased.*

HOMESTEAD — *Partition — Sale for Payment of Debts.* H., who was the owner of 160 acres of farming land, occupied by himself and family as a homestead, died, and left beside the widow several children, all of whom had reached majority. By his will, one-half of the homestead was devised to the widow, and one-fourth to the son who resided upon the homestead at the death of H., but the record fails to show what disposition was made of the remaining 40 acres. The widow and one of the children continued to reside upon the homestead until it was partitioned according to the decree of the district court, by which the widow was allotted the north half of the homestead, the resident son the southwest quarter of the same, upon which he continues to reside, and the southeast quarter was set off to the other

heirs. The widow sold her portion and abandoned the homestead. The heirs to whom the southeast quarter of the homestead was awarded never resided upon the homestead, and after the abandonment of the widow the 40 acres awarded to them was unsold and unoccupied. The personal property left by deceased was insufficient to pay the debts of the estate, and the probate court ordered the sale of the southeast 40 acres of the homestead for the payment of the debts and the costs of administration. *Held*, That the land was subject to sale for that purpose, and that the order was correctly made.

*Error from Labette District Court.*

AT its February term, 1889, the district court reversed an order of the probate court directing the sale of certain real estate for the payment of debts of the decedent and the costs of administration. Plaintiff, *Barbe*, brings the case to this court. The facts appear in the opinion.

*Dobson, McCune & Doggett,* for plaintiff in error:

1. The widow and children of A. B. Hyatt could hold the homestead free from the payment of debts only so long as they occupied it as a homestead. Upon its abandonment as a homestead, it became subject to the payment of his debts as though it had never been a homestead. *Dayton v. Donart*, 22 Kas. 270; *Stratton v. McCandless*, 32 id. 512.

2. The character of the interest of the children in the 40 acres which have been abandoned as a homestead has not been changed by the partition suit. *Tabler v. Wiseman*, 2 Ohio St. 211; *Cresley v. Waterworks*, 8 Pac. Rep. (Cal.) 50; *Davis v. Agnew*, 2 S. W. Rep. (Tex.) 376; *Dawson v. Lawrence*, 13 Ohio, 346; Freem. Judg., § 304; *Wade v. Deray*, 50 Cal. 376; Black, Judg., § 660.

3. Plaintiff in error is not estopped by the partition suit from asking for the application of this land to the payment of his judgment, as he was not a party to that suit. 15 Ohio St. 350.

*G. S. King,* for defendant in error:

The widow in this case having admittedly continued to occupy the homestead as her residence, after the death of her

husband up to the time of her remarriage, and the rights of
the adult children of the deceased to an interest in said home-
stead not depending on their residence or nonresidence thereon,
and the question of abandonment, therefore, as contemplated
by this court, not being involved herein, the case of *Dayton
v. Donart*, 22 Kas. 256, cited and relied on by counsel for
plaintiff in error, does not sustain their contention, but, on the
contrary, by affirming the case of *Vandiver v. Vandiver*, 20
Kas. 501, supports the judgment of the district court in its
affirmative answer to the legal question herein presented. See,
also, *Gatton v. Tolley*, 22 Kas. 678; *Hafer v. Hafer*, 33 id. 449;
same case, 36 id. 524; *Vining v. Willis*, 40 id. 609; *White v.
White*, 41 id. 560; *Brady v. Banta*, 46 id. 131.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from an order of the
probate court directing the sale of real property. A. B. Hy-
att was the owner of a quarter section of farming land in La-
bette county, which was occupied by himself and family as a
homestead. He died testate on July 17, 1887, and left sur-
viving him a widow and several children, all of whom had
reached majority, and were occupying homes of their own.
By the terms of the will, there was devised to the widow such
portion of the testate property as might be allowed by law,
and to his son Sherman Hyatt the southwest 40 acres of the
homestead. But the record fails to show what disposition was
made of the remainder of the property. Claims were allowed
against the estate to the amount of $612.13, and the personal
property belonging to the estate was insufficient to pay the
debts and costs of administration. The widow continued to
occupy the farm as a homestead, and Sherman Hyatt, to whom
the deceased had leased the farm on March 1, 1887, occupied
a portion of the house on the real estate, and was in possession
of the same as a tenant. On January 11, 1888, when the
executor ascertained that the personal property was insuffi-
cient to pay the debts of the estate, he asked for authority to
sell the southeast quarter of the homestead for the purpose

of paying debts, and at a hearing had before the probate court on February 10, 1888, it was determined that the real estate was occupied as a homestead and could not be sold to pay the debts of the estate. On January 28, 1888, a judgment was entered in an action brought by the widow of the deceased, partitioning the homestead, under which the widow was allotted the north half of the homestead, Sherman Hyatt was awarded the southwest quarter of the homestead, and the other 40 acres were allotted to the remaining heirs. After partition was made, the widow sold her portion and delivered the possession of the same to the purchaser. Sherman Hyatt resides upon the 40 acres allotted to him, and the other 40 acres remain unsold and unoccupied by anyone. On May 12, 1888, the claim of P. W. Barbe against the estate of A. B. Hyatt, deceased, was allowed by the probate court in the sum of $298, and on February 13, 1889, he instituted a proceeding in the probate court to obtain an order for the sale of the real estate to satisfy his claim. On January 29, 1889, the probate court ordered the sale of the southeast quarter of the homestead, for the purpose of paying debts and the costs of administration. An appeal was taken to the district court, where it was held that the whole of the real estate was exempt from the payment of the debts of the deceased, and that, by virtue of the proceedings in partition, it had become the absolute property in fee simple of the widow and the children of the deceased, according to their respective interests.

The order of the probate court directing the sale of the southeast 40 acres of the homestead should have been affirmed. It has been settled that the death of the owner of the homestead does not transfer the title absolutely and unconditionally to the widow and children. It descends to them the same as other real estate owned by the deceased, except that it is subject to the homestead interests. So long as it retains its homestead character it cannot be sold to pay ordinary debts, nor can there be a compulsory division and distribution. While it is so occupied it may be conveyed by the persons in whom the homestead interests vest, and the

title to the property or any interest therein will pass free from any liability for the ordinary debts of the estate. Abandonment by them, however, will destroy the homestead interest, and when it is abandoned it becomes subject to the debts of the estate, the same as other lands which were never impressed with the homestead character. This homestead interest, however, only vests in the widow and such of the children as occupied the homestead at the time of the owner's death. (*Dayton v. Donart,* 22 Kas. 270; *Gatton v. Tolley,* 22 id. 678; *Stratton v. McCandliss,* 33 id. 512; *Hafer v. Hafer,* 33 id. 449; *Hafer v. Hafer,* 36 id. 524; *Vining v. Willis,* 40 id. 609; *Vandiver v. Vandiver,* 20 id. 501.) In this case, the children to whom the southeast 40 acres of the homestead were allotted were not occupants of the homestead at the time of the father's death, and never did live upon it. As has been seen, they had homes elsewhere, and therefore no homestead interest vested in them. When the property was apportioned, the sale by the widow transferred her interest in the part allotted to her, free from the debts of the estate; but when the distribution was made, and she removed from the premises, they were divested of the homestead quality, and the southeast forty acres, which were unsold and unoccupied, were subject to the debts of the estate that were not barred by the statute of limitations. Under the authorities cited, they had no homestead right in the tract which was ordered to be sold, and it descended to them subject to any debts existing against the deceased from whom they inherited. Their shares were protected from sale during the residence thereon of the widow, but when her occupancy ceased all that was unsold and unoccupied became subject to the debts of the estate. The rights of the plaintiff in this case are not affected by the partition suit to which he was not a party. Nor is he estopped by reason of the first order made by the probate court, holding that while it was occupied as a homestead it was exempt from sale for the debts of the estate.

As the case was tried in the district court upon an agreed statement of facts, this court is warranted in directing the

judgment that shall be entered in the court below. The judgment complained of will therefore be reversed, and the cause remanded with directions to affirm the judgment rendered by the probate court.

All the Justices concurring.