John T. Harclerode, *as Administrator of the estate of H. H. Hayward, deceased,* v. Rebecca S. Green *et al.*

### No. 307.

Homestead and Exemptions—*Debts of Intestate—Rights of Widow.*  H. died intestate and his widow continued to reside on the farm as a homestead.  The children had attained their majority and were living elsewhere.  In proceedings brought in the probate court by the creditors of intestate's estate, it appeared that the widow had previously conveyed to her daughter an undivided one-half interest in the farm, but in the deed conveying such interest had reserved to herself the possession, use and profits of the land during her lifetime, and that she had not only not

abandoned the homestead, but on the contrary was intending to make the farm her home as long as she lived, her support being derived from the rental thereof. *Held*, that an order of the probate court directing the administrator to sell an undivided one-half interest in the farm for the payment of debts owing by deceased was erroneous.

Error from Allen district court; L. STILLWELL, judge. Opinion filed September 22, 1898. Reversed.

*A. H. Campbell*, and *W. C. Hankins*, for plaintiff in error.

*Ewing & Bennett*, and *Oscar Foust & Son*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.: This case involves the validity of an order of the probate court of Allen county directing John T. Harclerode, as administrator of the estate of H. H. Hayward, deceased, to sell an undivided one-half interest in a farm in that county to pay ordinary claims, duly proved and allowed, against said estate. The order appears to have been made at the instance of the creditors of the estate, but both the administrator and the creditors appealed therefrom to the district court. There the order of the probate court was affirmed and the costs of the case ordered to be paid out of the assets of the estate.

H. H. Hayward died on his homestead, a farm in Allen county, on the 19th day of June, 1893, intestate, leaving his widow, Elizabeth Hayward, who continued to occupy the homestead, and four children of full age, three of whom resided elsewhere than on the homestead. One was then on the farm as a tenant for one year and removed therefrom in February, 1894. On the 28th of December, 1893, Mrs. Hayward conveyed her undivided one-half interest in the farm to

her daughter, Rebecca S. Green, by deed of warranty containing the following clause :

"The grantor herein reserves to herself during her lifetime the possession, use and profit of said land. The grantee to have such possession, use and profit only at the death of this grantor ; it being the intention of this grantor to hereby convey to the grantee all of her interest in the entire tract above described to which she is entitled as the widow of the said H. H. Hayward, deceased."

On the farm were two habitable dwelling-houses, one of them being occupied by the tenant of Mrs. Hayward. She retained a room in the other house, keeping her household furniture and goods there, and resided there continuously — being absent only when visiting her daughter. She had no other means of support than that derived from the rental of the farm. She was seventy-one years of age at the time of the trial. She stated that it had been her intention ever since the death of her husband to make the farm her home as long as she lived.

There is nothing in the record before us to indicate any disposition or intention on the part of Elizabeth Hayward to abandon the homestead which she was occupying when her husband died. It is true she conveyed to her daughter the legal title to an undivided half interest, but she reserved to herself a life-estate in the premises. The other heirs have not sought a partition of the estate. Mrs. Hayward's deed did not operate as a partition of the land, for it purported to convey an undivided one-half interest only. The probate court did not have jurisdiction to partition the land nor to compel a distribution so long as the property retained its homestead character. In our opinion this case is governed by the decision in *Barbe v. Hyatt*, 50 Kan. 86, 31 Pac. 694. There the estate was duly partitioned in an action brought by the

widow, and she received eighty acres thereof.  One
son, Sherman  Hyatt, received  forty  acres, and the
other children the remaining forty acres.   After par-
tition was made, the widow sold her portion and de-
livered possession of it to the purchaser.   Sherman
Hyatt resided on his forty-acre tract, and the other
forty acres remained unsold and unoccupied by any
one. Upon the application of Barbe, a claimant against
the estate of the decedent, the probate court ordered
the sale of the last-named tract.   An appeal was taken
from this order, and the district court held the entire
homestead exempt from the payment of the debts of
the deceased.   We quote two extracts from the opin-
ion of the supreme court :

"So long as it [the land] retains its homestead
character it cannot be sold to pay ordinary debts, nor
can there be compulsory division and distribution."

"When the property was apportioned, the sale by
the widow transferred her interest in the part allotted
to her free from the debts of the estate ; but when
the distribution was made, and she removed from the
premises, they were divested of the homestead quality,
and the southeast forty acres, which were unsold and
unoccupied, were subject to the debts of the estate
which were not barred by the statute of limitation.
Under the authorities cited, they had no homestead
right in the tract which was ordered to be sold; and
it descended to them subject to any debts existing
against the deceased from whom they inherited.  Their
shares were protected from sale during the residence
thereon of the widow, but when her occupancy ceased
all that was unsold and unoccupied became subject to
the debts of the estate."

We are of the opinion that the order of the probate
court and the judgment of the district court approving
the same are erroneous.  The judgment of the district
court will be reversed, and the cause remanded for
further proceedings in accordance with the views
above set forth.