MARY E. NORTHRUP, *as Administratrix, etc.*, v. DANIEL
HORVILLE *et al.*

No. 11,895.* (64 Pac. 622.)

HOMESTEADS AND EXEMPTIONS.—*Descents and Distributions.*
Where a wife owning the homestead died leaving a husband and
adult children, and the husband continued to occupy it as a
homestead, and, while thus occupying it, conveyed it all and
then abandoned it, *held*, that, at most, no more than an undi-
vided one-half of the land was freed from the payment of the
debts of the wife.

Error from court of appeals, southern department;
A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER,
judges. *In banc.* Opinion filed April 6, 1901. Re-
versed.

*A. H. Campbell*, for plaintiff in error.

*Ewing & Savage*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This is another phase of the
homestead question. A wife owned the homestead.
She, with her husband, resided thereon. Their three
adult children were married and had homes of their
own. A judgment was rendered against the wife, the
husband, and son, in the district court of the county
in which the land was, situated. The wife died.
The husband conveyed the land, and abandoned the
homestead. Did the purchaser take the title entirely
freed from the judgment lien? We think not.

Martha A. Delap was the owner of 110 acres of
land in Allen county, Kansas. It was the homestead
of herself, her husband, Sidney Delap, and their

*For opinion by court of appeals, see 10 Kan. App. —, 62 Pac.
9.—REP.

children, one son and two daughters. The entire tract was mortgaged. Afterward the west fifty-five acres were conveyed to the son, John, who occupied the same as a homestead. Thereafter, and on November 17, 1891, L. L. Northrup obtained a judgment against Martha A. Delap, Sidney Delap, her husband, and the son, John Delap, in the district court of Allen county, for $1082. This judgment was revived in the name of the plaintiff in error, Mary E. Northrup, administratrix, the said L. L. Northrup having died.

On November 12, 1894, Martha A. Delap died, the owner of the east fifty-five acres, it being at the time the homestead of herself and husband, leaving, also, her son John and married daughters, Nettie Tefft and Alice K. Brightly, all past twenty-one years of age. On December 16, 1895, Sidney Delap, still occupying the east fifty-five acres as a homestead, conveyed it to Clara Delap, the wife of his son John, who took possession under such conveyance. On June 29, 1896, Clara and her husband, John, conveyed the same to Daniel Horville, who then took possession. On July 14, 1896, the daughters, Nettie Tefft and Alice K. Brightly, with their husbands, conveyed the same to Daniel Horville.

On March 21, 1897, the mortgage given prior to the Northrup judgment having been foreclosed, this land was sold under such foreclosure judgment and brought a sum sufficient to pay the mortgage in full and to leave remaining the sum of $1113.24. Horville claims it all because he took the title to the land by these various conveyances freed from the lien of the Northrup judgment. The administratrix claims one-half of it, because, by the deed of Sidney Delap,

Northrup v. Horville.

Horville took but one-half of the land freed from the lien of said judgment. The district court sustained the contention of Horville and gave him the entire fund. This judgment was affirmed by the court of appeals: In this we think both courts erred.

When Martha A. Delap died the land passed by our law of descents and distributions one-half to her husband and one-half to her children, subject to whatever homestead rights there might be in the husband. We do not now determine whether there was any such interest in him, but certain it is that the homestead character could be impressed only upon so much as he owned, so as to free it from the lien of the judgment after its conveyance and abandonment by him as 'a homestead. Admitting that he, as the husband of the owner and as her family, would have a homestead right in the entire tract while he occupied the same, that could not give him the right to convey what he did not own, and free it from the judgment lien.

The adult children of Mrs. Delap took, eo instanti, upon her death, the title to one-half of this land, and they then had a right to its partition and consequently to its possession. ( Vandiver v. Vandiver, 20 Kan. 501.) By what statutory construction, or logic, can it be said that the possible homestead interest of the husband in his half would permit him to convey the half belonging to the adult children, and thus protect it from a judgment against the wife—the owner—even after its abandonment by him as a homestead? We do not think such a conclusion can be reached from a construction of the provisions of our constitution and statutes, or is justified by the decisions of this court. We call attention to the case of Battey v. Barker, ante, p. 517, 64 Pac. 79, decided by this court at this term.

The judgments of the court of appeals and of the district court of Allen county will be reversed, and the court directed to enter judgment in favor of the plaintiff in error on the agreed statement of facts for one-half of the fund named.