BESSIE ALLEN v. MARY J. HOLTZMAN, *as Adminis-tratrix, etc.*

No. 12,152. (64 Pac. 966.)

SYLLABUS BY THE COURT.

HOMESTEAD AND EXEMPTIONS—*Mortgage.* A husband, with his wife and minor children, resided on a tract of forty acres of farming land, occupying the same as a homestead. He died, leaving a will in which he devised the property to his wife. She elected to take under the will, and thereafter mortgaged the land, while occupying the same with her children, to secure a personal debt. *Held*, that the mortgage was a valid encumbrance on the land.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed May 11, 1901. Division one. Affirmed.

*Ed. S. Waterbury*, for plaintiff in error.

*E. L. Clover* and *P. P. Hillerman*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding in error prosecuted to reverse a decree of the district court foreclosing a mortgage. In 1875 Alfred Allen purchased forty acres of farming land in Lyon county and occupied it with his wife and family until his death, in 1890. He left a will devising the land mentioned to his wife, the plaintiff in error. She elected to take under the will. Afterward, while living on the land with her four children, two of whom at the time of the trial were minors, she executed a mortgage thereon, which, after default in payment of the debt, was decreed to be foreclosed in the court below.

It is insisted that the mortgage was no lien on the homestead property. The broad claim is made by

counsel for plaintiff in error that the constitutional provision exempting the homestead from forced sale under any process of law, except it be founded on a lien given by consent of both husband and wife, makes void a mortgage given after the marriage relation has ceased to exist. In other words, if there be no husband and wife, there can be no valid mortgage on the homestead. The adoption of such meaning would interpose serious impediments in the way of alienation. It would deprive a widow or widower, acquiring a homestead after the death of a spouse, of the power of parting with it by voluntary conveyance, and would place undue restraints on the sale and encumbrance of real estate.

It will be noted that section 9 of article 15 of the constitution exempts the homestead property from forced sale under any process of law, and provides that the same shall not be alienated without the joint consent of husband and wife, "*when that relation exists.*" To give the constitutional provision the interpretation contended for would, in our judgment, be a strained construction and at variance with the views of this court heretofore expressed. While Alfred Allen was alive, occupying the land with his wife and children as a homestead, he and his wife could lawfully alienate or encumber the same by their joint consent. The legal title was vested in the husband. He could by will devise all the land to his wife. (*Martindale v. Smith*, 31 Kan. 270, 1 Pac. 569; *Vining v. Willis*, 40 id. 609, 20 Pac. 232.) After the husband's death and the election of the wife to take under the will, she took the whole estate. The children got none. Their homestead rights in the land were no greater after the death of their father than before.

Section 7973 of the General Statutes of 1901 pro-

Allen v. Holtzman.

vides that a married person having no children may devise one-half of his or her property to other persons than the husband or wife, but nowhere do we find any statutory restriction on the right of a husband or wife to devise property to the survivor. We think the wife had all the rights in the land which, before the husband's death, were vested in both her husband and herself. It is not disputed that they, while living together, might have alienated or abandoned the homestead. Having title, she could do, with respect to the land, what they both could do when the husband was alive. It has been said that "the consent of the children, who may occupy the homestead, is never required for the purpose of transferring or alienating the homestead." (*Vining v. Willis*, supra.) See, also, *Shepard v. Brewer et al.*, 65 Ill. 383. In the case of *Martindale v. Smith*, supra, there are expressions in the opinion which tend to the view that the children acquired some homestead rights. They are *dicta*, however, and not necessary to a decision of the case.

"It is a familiar rule of criticism in regard to judicial decisions, that their authority arises from what the court *decides* in reference to the facts before it, rather than from what the judge who delivers the opinion may say in illustration and support of the ruling of the bench. When it is remembered that judges are often obliged to write a hundred opinions per annum, they would be more than human if they did not occasionally use expressions of a general character, which, while perfectly true in regard to the case before them, are at the same time incorrect when pushed to extremes or applied to a totally different state of facts." (Lawrence, J., in *Brown v. Coon*, 36 Ill. 243–246.)

The judgment of the court below will be affirmed.

DOSTER, C. J., ELLIS, POLLOCK, JJ., concurring.