No. 25,283.

SAM SAGE, as Administrator with the Will Annexed of the Estate of
A. B. SAFFELL, Deceased, *Appellant,* v. C. C. IJAMES et al.,
*Appellees.*

### SYLLABUS BY THE COURT.

1. HOMESTEAD—*Infant Children—Abandonment—Evidence.* Upon the contro-
versy that there had been an abandonment of a homestead by infant
children, it is held that the finding of the trial court to the effect that they
had not abandoned their homestead rights is supported by sufficient evidence.

2. SAME—*Sale—Liability for Decedent's Debts—Prior Incumbrances.* In the
sale of property while it was still occupied as a homestead by infant children,
the property passed to the purchaser free from the debts of the father,
except those for prior incumbrances, for taxes, for purchase-money or for
improvements.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE,
judge. Opinion filed March 7, 1925. Affirmed.

*J. E. Addington, Frank Doster,* both of Topeka, and *C. A. Leinbach,* of
Onaga, for the appellants.

*Stephen H. Allen, Otis S. Allen,* and *George S. Allen,* all of Topeka, for
the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to subject the amount to
be paid for the purchase of a homestead to the payment of the
debts of one who owned and occupied the homestead at the time
of his death.

A. B. Saffell, the owner, died on September 3, 1915, and left sur-
viving him four children. His wife had died two years before his
death. At his death there were claims against him and the funds
in the hands of the administrator were insufficient to pay them.
The children were minors when he died and two of them, Eugene
and Minerva, were quite young and for a time were taken and cared
for by relatives in another state. In March, 1921, the minors
through their guardian applied to the probate court for a sale of
the homestead, it being represented that both of the minors were
without means except their interest in the land, that money was
necessary to obtain an education, that Minerva was suffering with
a disease of the eyes and was in need of medical treatment, and
that a brother was suffering from tuberculosis and needed money
to help restore his health. Upon this application the probate court

ordered a sale of the land, after an appraisement, for an amount which should not be less than three-fourths of the appraised value. A sale was made to C. C. Ijames at the price of $5,500. He paid $2,000 of the price in cash, and the balance, $3,500, was secured by a mortgage on the premises sold. Possession of the farm was given to Ijames upon the turning over of the money and mortgage and execution of the deed by the Saffell heirs.

There was a contention that there had been an abandonment of the homestead. It is true that there was a considerable period when the younger children were absent from the homestead and part of the time by the older ones, but the trial court on the whole testimony found against the administrator on this issue. The absence of the infants was due to the fact that there was no one on the farm to care for them after their parents died. Relinquishment or abandonment of homestead rights by infants cannot be lightly imputed to them. There is nothing to show that either the guardian or the infants intended to relinquish homestead rights; nothing to show that there was not an intention to repossess it or reclaim the rights by the children or by their guardian. In the nature of things they were taken away without any legal consent as to an abandonment of the homestead and necessarily their absence was temporary. They did return in 1920.

"A mere temporary absence although it may be prolonged for months or years is not sufficient to divest the homestead rights and the fact that the premises were rented during the temporary absence is not of itself sufficient to destroy the homestead right." (*Shirack v. Shirack,* 44 Kan. 653, 24 Pac. 1107.)

In another litigation between the administrator, Sage, and the guardian of the minor children, it was said:

"The daughter was thirteen years old at the time of the trial. Shortly after her mother's death she was taken to the home, in New Jersey, of her uncle, the plaintiff, who kept her until about six months before the trial, since which time she has been with another uncle, in Ohio. The record is entirely silent concerning any plans for the future that have been made for her, or that she has made for herself. The fair inference is that her stay with her uncles was in pursuance of a mere temporary arrangement. It is clear that at one time she was a resident upon the farm in question. There is no evidence having any reasonable tendency to show that she has ever acquired a permanent domicile elsewhere, and until that is done, her legal residence remains where it was once established." (*Hicks v. Sage,* 104 Kan. 723, 727, 180 Pac. 780.)

In that case the homestead right was upheld and it was found that the temporary absence did not constitute an abandonment nor

affect their rights to hold the homestead exempt from their father's debts. (*Koehler v. Gray,* 102 Kan. 878, 172 Pac. 25.) The evidence in the present case appears to be sufficient to uphold the finding of the trial court.

The remaining question is whether the purchaser took the property free from the debts of the father. That question was determined in *Dayton v. Donart,* 22 Kan. 256, 270. In that case there was a sale of property while it was still occupied as a homestead and it was held that:

"If the property or any interest therein is sold and conveyed while the property is still occupied as a homestead by the widow and anyone or more of the minor children, the title to such property or interest passes to the purchaser free from all debts, except prior incumbrances given by the intestate and wife, or grantor and wife or husband, and taxes, and debts for purchase-money and improvements, although the property may afterward be abandoned as a homestead by the widow and children." (Syl. ¶ 2.)

Following this authority it must be held that the purchaser took the property free from the indebtedness against the estate.

Judgment affirmed.