### No. 34,747

GEORGIA P. BRIGHAM and STELLA PFISTER, *Appellees*, v. PHIL F. PFISTER, an Insane Person; NORMAN C. CRAIG, Guardian of Phil F. Pfister; SARAH B. CRAIG; WALTER A. CRAIG; E. C. WHEELOCK; and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BROWN et al., *Defendants*; JOHN B. STODDART, Administrator of the Estate of C. D. Pfister, Deceased, Interpleader, *Appellant*.

(101 P. 2d 869)

Opinion filed May 4, 1940.

*Richard W. Shaw,* of Hiawatha, for the appellant.

*L. E. Helvern,* of Hiawatha, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to partition real estate. C. D. Pfister died owning an interest in seventy-eight acres of Brown county land. This land constituted his homestead at the time of his death, but his administrator claims part of the property may now be applied to the satisfaction of the debts of his estate. Judgment was for certain heirs holding that their share of the estate was not subject to pay the debts of the father. The administrator appeals.

The deceased was survived by his widow, two married daughters, who did not live on the property, and an incompetent son. These persons constituted his heirs at law.

After the death of the father one of the daughters, Sarah B. Craig, conveyed her interest in the land to the other daughter, Georgia P. Brigham. The widow, Stella Pfister, and the incompetent son continued to make their home on the land after the death of the father. On September 28, 1938, the widow and daughter Georgia brought this action. It should be noted that Georgia did not live on the land and had not lived on it for many years before her father's death. The trial court partitioned the land, and the interests inherited from the father by Georgia and her sister Sarah were set off to Georgia. The administrator of the estate intervened in the action and contended that the share of Georgia and Sarah was subject to the debts of the father's estate. The trial court held against the administrator, and decided that the whole of the interest of the father was still exempt from such debts as the homestead of the widow and incompetent son.

From this decision the administrator appeals, and claims that the property set off to Georgia, and which she and her sister had inherited from their father, was subject to the debts of the estate. The administrator makes no claim that the property set off to the widow and the son or the proceeds therefrom are not still exempt because of the homestead character thereof.

The homestead was secured to us by section 9 of article 15 of the constitution. It reads as follows:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: *Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife."

Pursuant to the above constitutional provision, what is now G. S. 1935, 22-102 to 22-105, was enacted. Those sections are as follows:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied by the intestate and his family, at the time of his death, as a residence, and continued to be so occupied by his widow and children, after his death, together with all the improvements on the same, shall be wholly exempt from distribution under any of the laws of this state, and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children: *Provided, however,* That the provisions of this section shall not apply to any encumbrance given by the consent of both husband and wife, nor to obligations for the purchase of said premises, nor to liens for the erection of improvements thereon." (22-102.)

"If the intestate at the time of his death owned a greater number of acres of land adjoining his residence than is allowed for a homestead in the preceding section, the widow may select said homestead." (22-103.)

"If the intestate left no children, the widow shall be entitled to said homestead; and if he left children and no widow, such children shall be entitled to the same." (22-104.)

"If the intestate left a widow and children, and the widow again marry, or when all of said children arrive at the age of majority, said homestead shall be divided one-half in value to the widow and the other one-half to the children." (22-105.)

These provisions have been the subject of a great deal of litigation. We shall not endeavor to cover the whole field of homestead law in this opinion.

It is the contention of the appellees in this case that the statute exempting the homestead from payment of debts is a distinct exemption from the statute providing for the division of the homestead. She argues that G. S. 1935, 22-102, provides that the proceeds from the sale of the land constituting a homestead are exempt from the payment of debts under one statute and are still subject to division or partition under the other statute. It should be remarked here that it is so well settled as not to require citation of

authorities that the homestead may be abandoned by the owner or by his widow or by his children. Whether or not it has been abandoned is a question of fact to be determined from all the circumstances.

In the case we are considering it is admitted by all parties that the two daughters whose share is sought to be held to pay the debts of the father had abandoned this homestead long before the death of their father. So we·do not have the question of whether or not these two daughters had actually abandoned this homestead.

We do not have the question of whether the homestead may be partitioned as long as the widow or one of the children is living on it as a homestead. In this case the widow and one of the children brought the action, and the only other child, the incompetent one, was made a party through his guardian. He filed a general denial, but did not contest the action, and has not appealed.

The appellees cite and rely on what this court said in *Dayton v. Donart*, 22 Kan. 256. It is difficult to see how this opinion helps appellees in this case. In that case a father died leaving a homestead and many more debts than his personal property would pay. At the time of his death his family consisted of his wife and five children. While they resided on the land two of the children conveyed their interest in the homestead to their mother and she conveyed portions of her interest to other parties for a consideration of a conveyance of a town lot which she afterwards made her homestead. On proper application the probate court ordered the land sold to pay the debts of the decedent. On appeal this order was approved by the district court. On the appeal to this court the widow and children and the parties to whom the widow had conveyed part of her interest argued that when the father died the title to the homestead went absolutely, unconditionally, entirely, and finally to his widow and children then occupying the premises. This court held against this theory and said:

"In our opinion, when a man· dies intestate, leaving a widow and children, the ultimate title to his homestead descends to his widow and·children just the same as the title to all his other real estate does, except that it descends to them subject to a homestead interest vested in the widow and such of the children as occupy the homestead at the time of the intestate's death." (p. 269.)

The exception at the close of the above quotation should be noted. Evidently this court had the idea that the homestead interest vested

only in the wife and such children as occupied the premises at the time of the intestate's death. This court said further on in the opinion:

"But evidently from the statutes they hold the property as their absolute property, free from debts and division only while some of them occupy the same as their homestead." (p. 270.)

The above language carried the implication, at least, that the land would be treated as a homestead only as to the wife and the children who had not abandoned it. The net result of that case is set out in the following words:

"If we are correct in this—and we think we are, for we know of no reason why we are not correct—then it necessarily follows, from prior decisions of this court, that if the property or any interest therein is sold and conveyed while the property is still occupied as a homestead by the widow and any one or more of the minor children, the title to such property or interest passes to the purchaser free from all debts, except prior encumbrances given by the intestate and wife, or grantor and wife or husband, and taxes, and debts for purchase-money and improvements, although the property may afterward be abandoned as a homestead by the widow and children." (p. 270.)

It should be noted that the conveyance of the interest spoken of in the above quotation is the interest of the widow and children who still occupy the place as a homestead. This must be true in view of the statement of this court earlier in the opinion that the ultimate title to the homestead descends to the widow and children just the same as the title to all the real estate except that it descends to them subject to a homestead interest vested in the widow and such of the children as occupy the homestead at the time of the death of the intestate.

In *Sage v. Ijames,* 118 Kan. 11, 233 Pac. 1013, the homestead was ordered sold by the probate court so that the proceeds of the sale could be used for the benefit of two minor heirs. The action was to subject the proceeds of the sale to the payment of debts of the deceased father. This court first took pains to make it clear that the two minors had not abandoned the homestead, and then followed the rule announced in *Dayton v. Donart,* as follows:

"'If the property, or any interest therein, is sold and conveyed while the property is still occupied as a homestead by the widow and any one or more of the minor children, the title to such property or interest passes to the purchaser free from all debts, except prior encumbrances given by the intestate and wife, or grantor and wife, or husband, and taxes, and debts for purchase-money and improvements, although the property may afterward be abandoned as a homestead by the widow and children.' Syl. ¶ 2." (p. 13.)

This is no authority for a holding that where land is sold in a partition action the share of an heir who had abandoned the homestead long before the death of·his father can take his or her share of the homestead free from the liability to pay the debts of the father's estate. These children take their share of their father's estate. They did not lose that by leaving home, and abandoning the homestead. They take, however, just a part of his estate and not a part of his homestead.

*Barbe v. Hyatt,* 50 Kan. 86, 31 Pac. 694, was a case where the probate court had ordered the sale of real property to pay debts. The owner of the real estate left to his widow such portions of the land as might be allowed her by law and to a son the southwest forty acres. There were other adult children. When the executor found that the personal property was insufficient to pay the debts of the estate he asked for authority to sell the southwest quarter of the homestead. This would be the quarter of the homestead that was not left to anyone. The probate court held that this real estate was occupied as a homestead and could not be sold to pay debts. Just before this holding by the probate court a judgment was entered in an action brought by the widow partitioning the homestead under which the widow was awarded the north half of the homestead and the son was awarded the southwest quarter and the other forty acres was allotted to the remaining heirs. This forty acres remained unsold and was not occupied by anyone. On proper application to the probate court this quarter of the homestead was ordered sold to pay debts. On appeal the district court held that all the land was exempt from the payment of the debts of the deceased and that by virtue of the proceedings in partition it had become the absolute property of the widow and children of the deceased according to their respective .interests. It should be noted that this is what the appellees contend for in this case. On appeal this court said:

"The order of the probate court directing the sale of the southeast forty acres of the homestead should have been affirmed. It has been settled that the death of the owner of the homestead does not transfer the title absolutely and unconditionally to the widow and children. It descends to them the same as other real estate owned by the deceased, except that it is subject to the homestead interests. So long as it retains its homestead character it cannot be sold to pay ordinary debts, nor can there be a compulsory division and distribution. While it is so occupied it may be conveyed by the persons in whom the homestead interests vest, and the title to the property or any interest therein will pass free from any liability for the ordinary debts of the

estate. Abandonment by them, however, will destroy the homestead interest, and when it is abandoned it becomes subject to the debts of the estate, the same as other lands which were never impressed with the homestead character. This homestead interest, however, only vests in the widow and such of the children as occupied the homestead at the time of the owner's death." (p. 89.)

Except for the fact that the land in that case was divided in kind, and a particular tract allotted to each of the claimants who was entitled to homestead rights, while in this case the land was sold and the proceeds divided, there is no difference in these cases. This difference would have no effect on the legal principles we are considering.

To the same effect is the holding of this court in *Northrup v. Horville*, 62 Kan. 767, 64 Pac. 622, and *Postlethwaite v. Edson*, 102 Kan. 104, 171 Pac. 769.

The Judicial Council of this state made a general study of the law in relation to homesteads and published the result in its bulletin for July, 1935. In that particular bulletin, at page 76, the rule is stated as follows:

"It will thus be seen that the homestead exemption from decedent's debts continues in favor of adults as well as minors; and such exemption survives to occupying or nonoccupying members of the family as long as it is occupied as a homestead by the widow or widower, or by any of the children, but upon ceasing to be occupied as a homestead by any members of the family, the share of one not occupying it, if it has not been conveyed while yet a homestead, becomes liable for the debts of the decedent."

The latter portion of the above is the answer to the question we are considering. It is upheld by the authorities we have heretofore cited.

The judgment of the trial court is reversed with directions to proceed in accordance with the views expressed herein.