No. 35,806

In the Matter of the Estate of John Casey, Deceased (THE FARMERS ELEVATOR COMPANY OF DORRANCE, *Appellant*, v. ELIZABETH CASEY, Executrix, etc., et al., *Appellees*).

(134 P. 2d 665)

Opinion filed March 6, 1943.

*J. C. Ruppenthal,* of Russell, was on the briefs for the appellant.

*Jerry E. Driscoll* and *Harold M. McCombs,* both of Russell, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This action requires a determination of the right, title and interest acquired by a widow, sole devisee under the last will and testament of her husband, in the homestead devised to her and occupied by her as such, as against the allowed general claim of a creditor, not given for improvements upon or for any part of the purchase price of that homestead.

On the 8th day of September 1938, John Casey died, a resident of Russell county, leaving a last will and testament. This will named his widow as sole devisee and specifically devised all of his property to her. It also contained the following language:

"It is my wish and desire that all of my just debts, funeral expenses and expenses if any of my last illness be paid out of my estate and I hereby pledge my whole estate for that purpose and request that the same be done as soon as may be conveniently done, and that the balance of my property, both real and personal and mixed and wheresoever situated and located, be disposed of in the following manner, that is to say: (*a*) I give, devise and bequeath to my beloved wife Elizabeth Casey, all of my said estate consisting of all of my property both real and personal and mixed and wheresoever located and situated and for her absolute property forever. I especially request that she use good judgment in handling said estate, paying all debts and expenses, and handling the balance thereof so that she may have a comfortable home and living during her lifetime. (*b*) I hereby name and appoint my beloved wife Elizabeth Casey as executrix of this my last will and testament and especially charge that she conform with my wishes and desires herein expressed."

The will was duly proved and admitted to probate and as provided by statute the widow filed her election to take under such will. Thereafter, the Farmers Elevator Company, appellant herein, filed a claim against the estate based upon a promissory note. It was admitted the note upon which the claim was based was not given for any improvements upon the homestead of the decedent nor for any part of the purchase price thereof. This claim was allowed by the probate court. In due time the executrix filed her petition for final settlement. No objection was made by the appellant until the date set for the hearing of such application. On that date, the appellant filed what is termed a "Petition for Findings and Decree." This petition, after formal allegations, including averments as to the allowance of appellant's claim, requested in substance, that upon the probate court's determination of the devisees under the will and as-

signment of the property belonging to the estate to the persons entitled thereto, that court, in that proceeding, hold as a matter of law appellant's allowed claim constituted a continuing lien upon the southeast quarter (SE¼) of section twenty-five (25), township fifteen (15), south range twelve (12), in Russell county, Kansas, so long as said lands were not sold to pay debts of said estate.

At this point it may well be here noted that at no time in this lawsuit has appellant seriously contended the land herein before described was not the homestead of decedent on the date of his death, or that the widow failed to continue to occupy it as such. In fact, it appears from the record, and can be stated without fear of contradiction, that on all dates pertinent to the determination of this appeal, the homestead character of the land was admitted, also that there remained in the estate as assets thereof, no property which could be subjected to the payment of appellant's claim, unless as urged by it, it had by virtue of the allowance of its claim a continuing lien upon the homestead, which could not be defeated by any conveyance on the part of the widow. If those facts were not admitted the findings made by the trial court definitely determined them. (*Sledd v. Munsell*, 149 Kan. 110, 86 Pac. 2d 567.)

The probate court, after due consideration of the petition, found contrary to appellant's contention and rendered judgment accordingly. From that judgment it appealed to the district court of Russell county.

On the appeal to the district court a trial was had, at the conclusion of which the court made findings of fact and conclusions of law wherein it found, among other things, the real estate involved was the homestead of decedent and his wife on the date of his death and had continued to be occupied by her as such, up to and including the 20th day of July, 1942, the date of trial, and was not subject to payment of debts incurred by decedent in his lifetime. Judgment was rendered denying appellant all relief prayed for, from which it has appealed to this court.

Appellant's specifications of error are quite numerous and somewhat overlapping. Boiled down to their simplest form, they are:

1. That the provisions of the will unequivocally and imperatively require payment of testator's debts even though to do so might require the sale of the homestead devised to the widow, irrespective of its homestead character.

2. That the final adjudication of the probate court failed to state

with the definiteness and certainty required by G. S. 1941 Supp. 59-2249, the interest the widow acquired in the real estate.

3. That a creditor of a decedent, whose claim has been allowed in probate court, acquires a lien upon the homestead devised to the widow, subject only to the widow's right to occupancy under assertion of the homestead rights.

4. That it is the duty of the trial court to speculate upon possible factual situations, which might or might not arise in the future, and render a judgment, declaratory in form, determining the force and effect of appellant's claim, as against the homestead property, in the event of the happening of contingencies causing it to lose its exempt character.

It will be noted the provisions of the will under consideration, although they included general phrases indicating the desire of the testator that his debts be paid, also contained the following definite and specific language:

"I give, devise and bequeath to my wife Elizabeth Casey, all of my said estate consisting of all of my property both real and personal . . . and for her absolute property forever."

This court long ago adopted the rule that the use of merely formal phrases will not make a devise of a homestead subject to the payment of the testator's debts, and that to subject to the payment of such debts, that property toward which the eye of the creditor need never be turned, in fact, could not be turned, in his lifetime without the joint consent of himself and his wife, the language employed must be unequivocal and imperative. (*Cross v. Benson*, 68 Kan. 495, 75 Pac. 558; *Martindale v. Smith*, 31 Kan. 270, 1 Pac. 569.)

Other cases reiterating this principle of law as enunciated by our court, and in addition holding the statement in a will that the testator desires, first, all his just debts paid, adds nothing to the will or to the liability of his estate for his debts are: *State v. Bryan*, 105 Kan. 483, 185 Pac. 25; *Hicks v. Sage*, 104 Kan. 723, 727, 180 Pac. 780; *Guthrie v. Guthrie*, 130 Kan. 433, 435, 286 Pac. 195; *Homewood v. Eggers*, 132 Kan. 256, 259, 295 Pac. 681; *Thornberry v. Fletcher*, 91 Kan. 744, 139 Pac. 391; *In re Brown*, 119 Kan. 402, 239 Pac. 747; *Luckenbill v. Bates*, 220 Ia. 871, 263 N. W. 811, 103 A. L. R. 252, and see annotation, 103 A. L. R. 257.

Time and space will not permit us to discuss in detail the general allegations and formal phrases contained in the wills under consideration in the cases herein cited. An examination of them will,

in some instances, however, disclose the use of language more unequivocal and imperative than the language under consideration in the case at bar. Notwithstanding, this court in all such cases adhered to the rule that the exempt character of the homestead was not affected by general clauses and formal phrases directing the payment of debts out of the estate.

This principle of law is supported by our decisions involving the interpretation and construction of wills generally. In the recent case of *Lewis v. McConchie*, 151 Kan. 778, 100 Pac. 2d 752, this court said:

"The will, of course must be construed by considering the situation of the testatrix and all of the provisions of the will relating to the disposition of the real property. In *Hawkins v. Hansen*, 92 Kan. 73, 139 Pac. 1022, it was held:

" 'The rules of construction applied to wills by this court in numerous cases recognize that each will must be construed by its own terms, and that where there is any ambiguity in the language the court must, as far as possible, put itself in the position of the testator, taking into consideration all the circumstances under which the will was executed, the condition of the testator's family and his estate, and from all the facts and circumstances find what his intention was.' (Syl. ¶ 1.)

. . . . . . . . . . . . .

"By the first sentence of the portion of the will in question the testatrix devised the real property in controversy 'to my four children,' naming them. Standing alone, this is an unrestricted devise in fee simple of the real property to the four persons named in the will as the children of the testatrix.

"Does it clearly appear by the will that the testatrix intended to convey a lesser estate? The second sentence, 'I wish said property or real estate to be held in common as long as my children live,' simply expresses a desire or hope of the testatrix. The same may be said concerning the phrase which occurs later in the will, 'and said real estate shall be kept together and after the present encumbrance is canceled no other mortgage shall ever be put on the real estate again.' This also expresses the hope or expectation the children would be able to pay and have canceled the mortgage then encumbering the land. This proved to be a vain hope, . . . There is nothing imperative about these provisions. The will makes no alternative consequences to flow from the inability or failure of the named devisees to carry out these provisions." (pp. 781, 782.)

By analogy, even though this case did not deal with the rights of creditors, its reasoning is applicable to, and determinative of, the question here involved.

On the hearing of the petition of the executrix for final settlement the probate court, among other things, found:

"(c) That under the terms and provisions of said last will and testament, all of the property of which said decedent died seized, including the following

described real estate, to wit: "The southeast quarter (SE ¼) of Section twenty-five (25), Township fifteen (15), south, Range twelve (12), west of the 6th P. M., in Russell County, Kansas, passed to and vested in Elizabeth Casey, widow of said decedent, and sole devisee under his last will and testament.

"(e) That the real estate hereinbefore described was the homestead of decedent and his wife, at the time of decedent's death, and has been ever since said time, and now is occupied by the wife of said decedent, as her homestead.

"(g) . . . It is therefore by the court adjudged and decreed, that all of the within and foregoing findings be, and the same are hereby made the judgment and decree of this court, and all property of which decedent died seized, including the real estate hereinbefore described, is hereby vested in Elizabeth Casey, widow of said decedent, and sole devisee under his last will and testament."

We believe this finding sufficiently complies with G. S. 1941 Supp. 59-2249, requiring the decree to name the heirs, describe the property, and the proportion or part thereof to which each devisee is entitled. The language used might have been expressed in different form but there is nothing in the statute requiring the court to use any particular phraseology.

The most serious question raised by appellant in this appeal is that a creditor of a decedent, whose claim has been allowed in probate court acquires a lien upon the homestead devised to the widow, subject only to her rights while occupying it as such. Its specification of errors 2, 4, 5, 6, 7 and 8 each relate to some phase of this question. Appellant summarizes its position with the statement, "The general question is: What rights does the creditor of a deceased testate homesteader hold against the land by reason of probate judgment of allowance of his debt against the estate of testator?" In other words, irrespective of the language used, it is appellant's contention that after having obtained the allowance of his claim in probate court the same thereupon became a present, existing and continuing lien upon the homestead from the date of such allowance. A determination of this general question, and the questions raised in the specification of errors above listed, can be had from an examination of the constitution and statutes of Kansas and the decisions of this court interpreting and construing their force and effect.

Our constitution, article 15, section 9, reads:

"A homestead to the extent of one hundred and sixty -acres of farming land, . . . occupied as a residence by the family of the owner . . ., shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife when that relation exists; but no property shall be exempt from sale for taxes, or for the pay-

ment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: . . ."

Pertinent portions of the statute are found in G. S. 1935, 60-3501, which is a reënactment of the constitutional provision; also in G. S. 1935, 22-102, which reads:

"A homestead to the extent of one hundred and sixty acres of farming land, . . . occupied by the intestate and his family, at the time of his death, as a residence, and continued to be so occupied by his widow and children, after his death, . . . shall be wholly exempt from distribution under any of the laws of this state, and from the payment of the debts of the intestate, *but shall be the absolute property of the said widow and children:* . . ." (Italics supplied.)

That property occupied by its owner and his wife as the homestead on the date of his death, when the widow inherits the title, is held by her as her absolute property, free from debts of the decedent, so long as she continues to occupy the same as her homestead, has been the law of this state since the adoption of our constitution and enactment of the sections of the statute above referred to. (*Dayton v. Donart,* 22 Kan. 256; *Cross v. Benson,* 68 Kan. 495, 75 Pac. 558; *Koehler v. Gray,* 102 Kan. 878, 172 Pac. 25; *Hicks v. Sage,* 104 Kan. 723, 180 Pac. 780; *Sage v. Ijames,* 118 Kan. 11, 233 Pac. 1013; *Homewood v. Eggers,* 132 Kan. 256, 295 Pac. 681; *Brigham v. Pfister,* 151 Kan. 991, 995, 101 Pac. 2d 869.) Numerous other cases approving this rule, some of which are hereinafter referred to, could be cited, but are omitted because those listed above definitely establish the rule stated.

That while the homestead is so owned and occupied by the widow as such, it may be conveyed by her, and the title to the property or any interest therein will pass free from any liability for the ordinary debts of the estate, such as we find in the case at bar, has also been definitely determined. (*Dayton v. Donart,* supra; *Barbe v. Hyatt,* 50 Kan. 86, 89, 31 Pac. 694; *Sage v. Ijames,* supra; *Brigham v. Pfister,* 151 Kan. 991, 994, 995, 101 Pac. 2d 869; *Allen v. Holtzman,* 63 Kan. 40, 64 Pac. 966; *Roberts v. First Nat'l Bank,* 126 Kan. 503, 268 Pac. 799; *Gatton v. Tolley,* 22 Kan. 678.)

Similarly, the grantee of property, while it is a homestead, takes it free from ordinary judgments and debts against the deceased and may even assert the homestead character of the property, when conveyed to him to prove the invalidity of such claims. (*Elwell v. Hitchcock,* 41 Kan. 130, 21 Pac. 109; *Insurance Co. v. Nichols,* 41

Kan. 133, 21 Pac. 111; *Gas Co. v. Land Co.*, 54 Kan. 533, 38 Pac. 790; *First Nat'l Bank v. Tyler*, 130 Kan. 308, 286 Pac. 400.)

In fact, this court goes further and holds that a widow in whom title to the homestead had vested could convey it to any person she pleased, with or without consideration, and that creditors could not complain. (*Scott v. Rodgers*, 97 Kan. 438, 155 Pac. 957.) To the same effect are: *Hixon v. George*, 18 Kan. 253, and cases there cited: *Winter v. Ritchie*, 57 Kan. 212, 45 Pac. 595; *Wilson v. Taylor*, 49 Kan. 774, 31 Pac. 697; *Mull v. Jones*, 33 Kan. 112, 120, 5 Pac. 338.

As a part of its contention appellant urges that because the testator, who had living adult children, saw fit to will the entire homestead to the wife, when as a matter of law he could have willed one-half to them, there is a distinction to be made as to the rights acquired by the widow in the one-half interest which would have passed to the children if the decedent had died intestate. We think there is no merit in this contention. Where a husband and wife occupy a tract of land as a homestead, the title being in the husband, he may execute a valid will giving the entire property to his wife. (*Martindale v. Smith*, 31 Kan. 270, 1 Pac. 569; *Allen v. Holtzman*, supra; *Vining v. Willis*, 40 Kan. 609, 20 Pac. 232.) Moreover, this court has held the fact that title passes according to the direction of the will, instead of according to the direction of the statute of descents and distributions, does not change the rule that where the owner of a homestead dies intestate it is exempt from sale for payment of his debts so long as it continues to be occupied by any of the family. (*Hicks v. Sage*, supra.)

Appellant also contends, in support of its general proposition, an election to take under the will having been filed by the widow, and all children being adults, its claim became immediately upon allowance a judgment lien on the homestead. The contention is of no help to the appellant. This court has held that on the death of her husband the fact that the widow elects to take under the will does not subject the homestead to the payment of his debts, although the will places full title to the homestead in her. (*Cross v. Benson*, supra; *Homewood v. Eggers*, 132 Kan. 256, 259, 295 Pac. 681.)

In our consideration of these cases we have not been unmindful of our decisions to the effect that a will is not a conveyance in such sense that a homestead thereby devised is free from the claims of the testator's creditors, regardless of its occupancy. (*Hicks v. Sage*,

supra; *Postlethwaite v. Edson,* 102 Kan. 619, 171 Pac. 769.) Also, of those decisions to the effect the death of the owner of the homestead does not transfer the title absolutely and unconditionally to the widow but that it descends to her the same as other real estate owned by the deceased, except that it is subject to the homestead interests. (*Barbe v. Hyatt,* supra; *Dayton v. Donart,* supra; *Brigham v. Pfister,* supra. However, it will be observed even in those cases this court recognizes the rule, that so long as it retains its homestead character real estate cannot be sold to pay ordinary debts, it may be conveyed by the persons in whom the homestead interest vests, and title when conveyed will pass, free from any liability for the ordinary debts of the estate.

We are also aware of, and have given consideration to, those decisions wherein it has been held that a judgment for debt is not a lien upon the homestead and that an attempted sale thereof under execution is absolutely void and may be set aside in a proper proceeding. (*First Nat'l Bank v. Tyler,* 130 Kan. 308, 286 Pac. 400; *Morris v. Ward,* 5 Kan. 239; *Hixon v. George,* 18 Kan. 253; *Brewer v. Warner,* 105 Kan. 168, 172, 182 Pac. 411.)

Although its determination is not imperative we will, in passing, refer to one other proposition attempted to be raised by appellant in support of its position. It insists that by virtue of the common-law doctrine of "worthier title" the widow, because the testator had children living on the date of his death, took title to the homestead by purchase and not by descent. Since July 1, 1939, the date of the enactment of our property act, there can be no controversy as to the doctrine of "worthier title" in this state. It is definitely abolished. (G. S. 1941 Supp. 58-506.) But, since the decedent died prior to that date, appellant insists it applies to its situation and that at least eighty acres of the homestead should therefore be held subject to levy by the creditor. With this we cannot agree. Long prior to 1939 it was decided the homestead character of real estate depended on family occupancy, not on the source of title. (*Postlethwaite v. Edson,* supra.) For that matter, what difference does it make to appellant? It cannot deny John Casey was the owner of the land in question during his lifetime and occupied it as a homestead. He could dispose of it in his lifetime as he pleased, when he pleased and to whom he pleased, and pass title to the purchaser free and clear of appellant's claim, even though at that time it had been reduced to judgment, which it had not. The doctrine of

"worthier title" has no place in this lawsuit and we deal with it here, not because of its importance, but because appellant saw fit to refer to it on a number of occasions in presenting its case.

What then, in the light of our constitution and statute, and our decisions, becomes of appellant's general question as to the rights a creditor of a deceased testate homesteader has against the homestead by reason of a probate judgment allowing his unsecured debt as a claim against the estate of testator? The answer is in our opinion not difficult. It acquires no present existing lien. Its interest, if it can be called such, is an inchoate one which does not vest during occupancy of the homestead and is a mere expectancy or possibility, depending upon conditions and circumstances, which may, or may not, materialize in the future. If, while it is occupied as a homestead, it has been conveyed, nothing remains for a creditor to take and he has been deprived of no right.

We do not intend to hold, nor do we hold, appellant's claim has by force of the decree of distribution in the probate court, passed into "utter nothingness" as that term is used by it in the argument. Appellant's claim is a judgment of a court of record. (Const. art. 3, sec. 10; G. S. 1941 Supp. 59-301.) It asks: "Could the probate court keep its judgment valid by execution or otherwise?" Although a determination of that question involves future procedural action and is not required, we can see no harm in suggesting to appellant the availability of G. S. 1941 Supp. 59-2218, dealing with probate procedure, which reads: "Orders for payment of money may be enforced by execution, or otherwise, as judgments in the district court are enforced."

It might also be here noted it is not within the equitable power of the courts of this state to declare an indebtedness, except those expressly authorized by the constitution, a lien on the homestead. (*Jenkins v. Simmons,* 37 Kan. 496, 15 Pac. 522.)

In view of what has been said it becomes unnecessary to pass upon appellant's contention the trial court should have speculated upon factual situations, which might or might not have arisen in the future and determine the effect of its claim upon the homestead in the event of its abandonment. However, since the question was urged we have no hesitancy in approving the rule announced in *Duggan v. Emporia,* 84 Kan. 429, 440, 114 Pac. 235, wherein it was said:

"Courts will not express an opinion upon an abstract question which does

not arise on existing facts or rights, or where it is sought merely to obtain the opinion of the court upon a question of law. (*Knight v. Hirbour,* 64 Kan. 563; *Crouse v. Nixon,* 65 Kan. 843; *The Queen v. The Directors of the Blackwell Railway,* 9 Dowl. Pr. C. [Eng. 1841] 558; 27 Cyc. 911.)"

See, also, *Stebbins v. Western Union,* 69 Kan. 845, 76 Pac. 1130.

One other question remains for consideration. The record discloses that within two days from the date of the trial in district court the widow conveyed the homestead. No claim is made that on the date of the conveyance she had abandoned it or ceased to occupy it as such. Under those conditions it was hers to do with as she pleased and the purchaser obtained a valid title which could not be successfully challenged by appellant. It appears, therefore, any judgment this court might render would be unavailing. In such a situation the usual practice is to dismiss the appeal. (*Jenal v. Felber,* 77 Kan. 771, 95 Pac. 403; *Plumbing Co. v. Journeymen Plumbers,* 87 Kan. 671, 125 Pac. 14; *Anderson v. Cloud County,* 90 Kan. 15, 132 Pac. 996; and cases cited in those opinions; *Hurd v. Beck,* 88 Kan. 11, 45 Pac. 92.)

We find no error in the record and prefer to dispose of the questions raised by appellant on its appeal. The judgment is affirmed.